UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 3601 COLISEUM, LLC, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-866 |
| GREAT AMERICAN RISK SOLUTIONS<br>SURPLUS LINES INSURANCE<br>COMPANY, ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me is a Motion for Leave to File Amended Complaint filed by Plaintiffs 3601 Coliseum, LLC and Kupperman Companies, LLC. ECF No. 33. Defendant Great American Risk Solutions Surplus Lines Insurance Company filed an Opposition Memorandum. ECF No. 38. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to Amend is GRANTED for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs 3601 Coliseum, LLC and Kupperman Companies, LLC filed suit against their insurers to recover for property damage from water and theft/vandalism. ECF No. 1-1. Defendant Great American Risk Solutions Surplus Lines Insurance Company removed the case to this Court and later filed a Motion to Dismiss, which remains pending. ECF Nos. 1, 14. On October 23, 2025, the Court entered a Scheduling Order setting a trial for June 22, 2026, and a deadline for amending pleadings of November 21, 2025. ECF No. 29 at 7.

On the deadline for amending pleadings, Plaintiff sought to file an Amended Complaint, which was marked deficient. ECF No. 32. Plaintiff re-filed same within the specified 7-day period. ECF No. 33. A comparison of the proposed Amended Complaint with the original petition

1

reflects that Plaintiffs seek to remove one previously named defendant (Evanston Insurance Company) and identify two insurance policies at issue, both issued by Defendant Great American Risk Solutions Surplus Lines. *Compare* ECF No. 1-1, *with* ECF No. 33-2; *see also* ECF No. 33.

Defendant opposes the motion on the basis that the amendment does not cure the three bases for dismissal asserted in the pending motion to dismiss. ECF No. 38 at 1-2, 4. Defendant also argues that Plaintiff did not seek to amend within 21 days of its motion to dismiss and has not addressed any of the relevant factors for amendment under Rule 15. *Id.* at 2-3. Defendant further argues that the policies are not newly discovered, being forced to re-file its motion to dismiss causes prejudice, the amendment does nothing other than delay resolution of the pending motion to dismiss, and the amendment is futile. *Id.* at 3-6.

## II.    LAW AND ANALYSIS

A proposed amended pleading attached to a Motion for Leave is deemed filed as of the date of filing for the Motion for Leave.[1] Further, a filing to cure a deficiency within the specified deadline is deemed filed on the date of the deficiently-filed document.[2] For that reason, Plaintiff's motion to amend is deemed filed by the Scheduling Order's deadline and is thus governed by Rule

---

[1] *See Modica v. Hill*, No. 96-1121, 1999 WL 104423, at *1 (E.D. La. Feb. 19, 1999) (holding plaintiff should not be prejudiced by a court's delay in ruling on a motion for leave to file an amended complaint); *see also Bradley v. Armstrong Rubber Co.*, 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999) (citing *Rademaker v. E.D. Flynn Export Co.,* 17 F.2d 15 (5th Cir. 1927)); *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 19-0201, 2021 WL 4807666, at *6 n.2 (N.D. Tex. Apr. 2, 2021).

[2] *In re Honey Island Adventure, L.L.C.*, No. 16-10728, 2017 WL 661268, at *1 (E.D. La. Feb. 17, 2017) (explaining EDLA's "Unique Procedures and Practices for Electronic Filing" under which the Clerk's Office notifies a party when a filed document is deficient and specifies the deadline for curing same, which deems the corrected filing filed as of the date of the original, deficient filing (citing *Buchanan v. Circle K Stores, Inc.*, No. 14-2690, 2016 WL 1437144, at *2 n.18 (E.D. La. Apr. 12, 2016) (Brown, J.) (finding timely a plaintiff's motion that was filed by the applicable deadline, marked as deficient by the Clerk of Court, and then timely re-filed within seven days); *Hartzog v. Cayo, LLC*, No. 12-2895, 2013 WL 2456377, at *2 (E.D. La. June 5, 2013) (Wilkinson, M.J.) (finding that filing date for timeliness purposes was earlier "deficient" filing date, where party filed deficient motion before applicable deadline and timely corrected the deficiency) (citing *Darouiche v. Fidelity Nat. Ins. Co.*, 415 F. App'x 548, 552 (5th Cir. 2011))).

15(a) of the Federal Rules of Civil Procedure rather than the more stringent good cause requirements Rule 16(b).[3]

The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[4]  Although leave to amend is not automatic,[5] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[6]  The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]  Denial of leave to amend is reviewed for abuse of discretion,[8] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[9]

Although the Court would certainly be within its discretion to deny the motion based on Plaintiffs' failure to address any of the Rule 15 factors, in the interests of judicial economy, the

---

[3] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (holding Rule16(b) governs the amendment of pleadings after a scheduling order deadline has expired and that Rule 16's good cause standard must be satisfied first before the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave).

[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).

[5] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[6] *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000); and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] *Gregory*, 634 F.2d at 203 (quoting *Foman*, 371 U.S. at 182); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[8] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux,* 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872).

[9] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

court will consider those factors as Defendant addressed same in its Opposition.

### A. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[10]  However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[11]  At some point, a plaintiff's delay can be procedurally fatal.[12]  In that situation, plaintiff must meet the burden of showing that the delay was "due to oversight, inadvertence, or excusable neglect."[13]  Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[14]

Plaintiffs do not articulate any reason for their failure to seek amendment earlier.  The precise reason for the short delay at issue, however, is less critical in this Rule 15 analysis than it would be were the Court required to conduct a Rule 16 analysis.  Thus, Plaintiffs' failure to seek to amend within 21 days of Defendant's filing its motion to dismiss is not a sufficient basis to establish undue delay that prejudices Defendant, particularly when Plaintiffs sought to amend within the Scheduling Order's deadline.

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive
> another, or a neglect or refusal to fulfill some duty or some contractual obligation,
> not prompted by an honest mistake as to one's rights or duties but by some

---

[10] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires." (internal quotations and citation omitted)).

[11] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[12] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Hou.*, 963 F.2d 831, 836 (5th Cir. 1992)).

[13] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (per curiam) (citations omitted).

[14] *Mayeaux,* 376 F.3d at 427 (citations omitted).

interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

Defendant does not suggest bad faith.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[16]  Plaintiffs have not been directed to respond to pleading deficiencies and failed to do so previously.

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[17]  A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[18]  Likewise, amendments that fundamentally alter the nature of the

---

[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc*., 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).

[16] *See, e.g.*, *Price v. Pinnacle Brands, Inc*., 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc*., 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).

[17] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[18] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if

case are considered prejudicial.[19]

Defendant does not argue that amendment would require re-opening discovery or revisiting a dispositive motion that has been fully briefed or decided.  Rather, Defendant argues that it has filed a Rule 12 motion to dismiss and is purportedly prejudiced by having to re-file another Rule 12 motion in response to an amended complaint.  The mere inconvenience of being required to file a second motion to dismiss cannot be the type of "undue prejudice" necessary to foreclose amendment under Rule 15 as Rule 15(a)(2) expressly grants a plaintiff the right to amend within 21 days after the filing of a Rule 12 motion to dismiss.  Further, while unfortunate, costs incurred in filing a second motion to dismiss do not constitute undue prejudice.[20]

Defendant's expense argument is further undercut by the limited nature of the proposed Amended Complaint (i.e., removing one defendant and clarifying the claims to specify the two policies at issue).  Given that the proposed Amended Complaint adds no new allegations, claims, or parties, it is difficult to see how the Defendant will be required to expend enough time and money to be unduly prejudiced by simply renewing its previously filed Motion to Dismiss. Moreover, any alleged prejudice from the additional costs in filing another motion to dismiss in response to the amended complaint is speculative.  When an amended complaint does nothing more than make insubstantial changes to some claims and does not alter the bases

---

the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[19] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").

[20] *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc.*, No. 15-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort.").

for dismissal, the defendant may ask the judge to address its motion to dismiss filed in response

to the original complaint in relation to the amended complaint.[21]  As Judge Africk has explained:

> Once an amended pleading is interposed, the original pleading no longer performs
> any function in the case. . . . This effect of an amended pleading under Rule 15(a)
> becomes particularly important when the amendment purports to cure a defective
> earlier pleading. . . .  [However,] defendants should not be required to file a new
> motion to dismiss simply because an amended pleading was introduced while their
> motion was pending. If some of the defects raised in the original motion remain in
> the new pleading, the court simply may consider the motion as being addressed to
> the amended pleading. To hold otherwise would be to exalt form over substance.[22]

Further, any alleged prejudice from costs of additional briefing may be mitigated with a

supplemental motion, only addressing any newly added portion of the Amended Complaint.[23]

### E.  Futility

Consideration of the futility factor requires the court to assess whether the amended

complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for

relief).[24]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid

dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is

plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above

---

[21] *See, e.g.*, *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 2955728, at *3 (E.D. La. July 11, 2017) (Vance, J.) (deciding motion to dismiss filed in response to earlier complaint in relation to later-filed amended complaint (citation omitted)).

[22] *Nguyen v. Hung Do*, No. 13-2537, 2013 WL 6665722, at *1–2 (E.D. La. Dec. 16, 2013) (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1476 (3d. 2013); and citing *Ohio River Valley Env't.. Coal., Inc. v. Timmermeyer*, 66 F. App'x 468, 472 n.4 (4th Cir. 2003); *Melson v. Vista World Inc. & Assocs.*, No. 12–135, 2012 WL 6002680, at *12 & nn. 3–4 (E.D. La. Nov. 30, 2012) (Milazzo, J.) (collecting cases); *In re Vioxx Prods. Liab. Litig.*, No. 08–1633, 2008 WL 4681368, at *10 n.11 (E.D. La. Oct. 21, 2008) (Fallon, J.) ("[T]he Court will not require the Defendant to file an additional motion simply as a matter of procedure.")), *aff'd sub nom. Thanh Van Nguyen v. Hung Do*, 579 F. App'x 284 (5th Cir. 2014).

[23] *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *2 (M.D. La. Apr. 20, 2020).

[24] *Marucci Sports*, 751 F.3d at 378 (quoting *Stripling*, 234 F.3d at 873).

the speculative level").[25]   It is not enough to allege facts consistent with a claim because the

allegations must move past possibility and to plausibility of "entitlement to relief."[26]  If the "facts"

alleged are "merely consistent" with those minimally required to establish liability, the complaint

"stops short of the line between possibility and plausibility."[27]

> Determining whether a complaint states a plausible claim for relief [is] . . . a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the complaint
> has alleged—but it has not "shown"—"that the pleader is entitled to relief."[28]

Although the court must accept all well-pleaded facts as true and consider the complaint in the

light most favorable to the plaintiff, the court should not accept as true "conclusory allegations,

unwarranted factual inferences, or legal conclusions."[29]

In order to address the futility objection, this Court would have to address the very issues

raised in the motions to dismiss pending before Judge Vitter.  This Court lacks authority to address

substantive issues that have not been referred, however, and those issues are best addressed in the

context of resolving the pending substantive motion to dismiss and/or any subsequently filed

---

[25] *Twombly*, 550 U.S. at 555, 570.

[26] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal,* 556 U.S. at 678 (citation omitted).

[27] *Iqbal,* 556 U.S. at 678 (citation omitted).

[28] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[29] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

motions addressing substantive issues.[30]  Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of the issue in the context of a Rule 12 motion.[31] Allowing amendment gives Plaintiffs the opportunity to "plead their best case" before asking the Court to rule on the motions to dismiss.[32]  This is "the preferred course" of action, even if doing so "renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave" as it conserves both judicial and party resources to permit amendment and allows the decision on the motion to dismiss to be based on the facial validity of the claim.[33] Whether Plaintiffs' claims will survive Rule 12 motion is an issue currently pending before Judge Vitter.  Therefore, it is not appropriate for this Court to address that pending matter in ruling on the proposed Amended Complaint which simply repeats the prior claims and merely clarifies the policies at issue.

## III.   CONCLUSION

Plaintiffs' proposed Amended Complaint removes one of the defendants and identifies two separate policies issued by the existing Defendant that are at issue.  These changes do not fundamentally alter the nature of the case, add new substantial new allegations or add any new parties or claims.  The Court cannot find that substantial reason exists to deny amendment. Accordingly,

---

[30] *See City of Baton Rouge*, 2020 WL 13033205, at *3.

[31] *See, e.g.*, *Medarc, LLC v. Aetna Health Inc*., No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (citing cases and recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).

[32] *See Landry v. Dep't of Child & Fam. Servs.*, No. 21-794, 2021 WL 2822344, at *2 (E.D. La. July 7, 2021) (Lemelle, J.) (citing *Phillips v. Whittington*, No. 17-cv-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018) ("[Granting leave to amend] will avoid the wasteful practice of waiting until after the court has gone to the trouble of ruling on motions to dismiss to ask to amend and cure shortcomings in a complaint.")).

[33] *See Louisiana*, 2020 WL 3966875, at *2 (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc*., 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

IT IS ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint (ECF No.

33) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiffs' Proposed Amended Complaint

(ECF No. 33-2) into the court record.

New Orleans, Louisiana, this 30th day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE