UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **3601 COLISEUM, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-866** |
| **GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY, ET AL.** | **SECTION: D (2)** |

**ORDER AND REASONS**

Before the Court is Great American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss.[1] Also before the Court is Great American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Great American Risk Solutions Surplus Lines Insurance Company ("Great American").[2] 3601 Coliseum, LLC and Kupperman Companies, LLC ("Plaintiffs") Oppose the Motions,[3] and Great American has filed a Reply.[4] With leave of Court, Plaintiffs filed a sur-reply to the first Motion to Dismiss.[5]

After careful consideration of the parties' memoranda, the record, and applicable law, the Court **GRANTS** Great American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)[6] and **DENIES AS MOOT** Great

---

[1] R. Doc. 14.
[2] R. Doc. 43.
[3] R. Doc. 19 and R. Doc. 45, respectively.
[4] R. Doc. 20 and R. Doc. 46, respectively.
[5] R. Doc. 24.
[6] R. Doc. 43.

1

American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss.[7]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns insurance claims for alleged damages to Plaintiffs' property located at 3601 Coliseum Street, New Orleans, Louisiana.[8] Plaintiffs are two limited liability companies that own the premises at 3601 Coliseum Street, New Orleans, Louisiana (the "Property").[9] Great American issued an insurance policy, bearing number CPPF137713-00, for the period of December 31, 2023 through December 31, 2024 (the "First Policy").[10] The Property is listed as the sole premises covered under the First Policy.[11] Thereafter, Great American issued a subsequent policy, bearing number CPPF137713-01, for the period of December 31, 2024 through December 31, 2025 (the "Second Policy").[12]

Plaintiffs filed suit against Great American and Evanston Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 28, 2025.[13] In their state court Petition, Plaintiffs asserted breach of insurance contracts, bad faith, and damages claims against Great American for failure to tender adequate insurance proceeds despite receiving a satisfactory proof of loss.[14] Although no formal service of the Petition was effectuated on Great American, Plaintiffs emailed a

---

[7] R. Doc. 14.
[8] R. Doc. 40.
[9] *Id.* at p. 1.
[10] R. Doc. 43-2 at p. 6.
[11] *Id.* at p. 7.
[12] R. Doc. 43-1 at p. 6.
[13] R. Doc. 1-1. On August 14, 2025, Plaintiffs and Great American filed a Joint Motion to Dismiss Evanston Insurance Company without Prejudice. R. Doc. 26. The Court granted the Motion on August 15, 2025. R. Doc. 27.
[14] R. Doc. 1-1.

"courtesy copy" of the Petition to Great American on April 3, 2025.[15]

On May 2, 2025, Great American timely removed the above-captioned matter to this Court alleging this Court's diversity jurisdiction.[16] Two months later, Great American filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 2, 2025.[17] Notably, Plaintiffs filed an Opposed Motion for Leave to File First Supplemental and Amended Complaint on November 24, 2025,[18] which the assigned Magistrate Judge granted on December 30, 2025.[19] Plaintiffs' First Amended Complaint was entered into the record on that date, which reasserts their claims for breach of contract, bad faith, and damages arising out of the same "pipe and/or sprinkler head burst and theft/vandalism."[20] For purposes of Defendant's Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), the Court considers only the First Supplemental and Amended Complaint.[21]

In that First Supplemental and Amended Complaint, Plaintiffs allege that, on or before December 30, 2024 through at least January 7, 2025, they suffered property

---

[15] R. Doc. 1 at pp. 5–6.
[16] *Id.*
[17] R. Doc. 14.
[18] R. Doc. 33.
[19] R. Doc. 39.
[20] R. Doc. 40 at p. 2. In short, The First Amended Complaint removes one previously named defendant, Evanston Insurance Company, and identifies both the First Policy and Second Policy as the two insurance policies at issue. *Compare* R. Doc. 1-1, *with* R. Doc. 33-2; *see also* R. Doc. 33. According to Plaintiffs, they wanted "to clarify its [sic] original complaint to make clear that the claims at issue in this property damage matter involve separate claims which overlap two separate policies, both of which were issued by Great American. On November 24, 2025, in furtherance of this clarification, Plaintiffs sought leave of Court to file their First Supplemental and Amended Complaint. Setting forth two Great American policies (instead of one) was the only substantive amendments between Plaintiffs' original complaint and the First Supplemental and Amended Complaint." R. Doc. 45 at p. 2.
[21] R. Doc. 40.

damage resulting from "a pipe and/or sprinkler head burst and theft/vandalism."[22] Moreover, Plaintiffs aver that at all times pertinent, Great American provided both the First Policy and Second Policy that were "in full force and effect and covered the Property at issue and the contents herein against perils including, water damage and/or theft/vandalism. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge[s] to be made under the Polic[ies] at issue."[23]

Additionally, Plaintiffs allege that Great American inspected the Property on January 3, 2025, February 3, 2025, and February 19 through February 21, 2025.[24] Plaintiffs contend that Defendant's inspections constituted a satisfactory proof of loss under La. R.S. § 22:1892 and La. R.S. § 22:1973 and that Great American's "adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property caused by the pipe and/or sprinkler head burst and theft/vandalism."[25]

Great American filed the instant Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on January 18, 2026.[26] Nearly identical to its first Motion to Dismiss,[27] Great American seeks dismissal of Plaintiffs' claims on three grounds.[28] First, Great American contends that "Plaintiffs' ongoing concealment of a significant prior loss at the

---

[22] *Id.* at p. 2.
[23] *Id.*
[24] *Id.* at p. 3.
[25] *Id.*
[26] R. Doc. 43.
[27] R. Doc. 14.
[28] R. Doc. 43-1 at p. 1.

Property constitutes an intent to deceive and entitles Great American to rescission pursuant to Louisiana Revised Statute § 22:860(A)."[29] Second, Great American advances that "Plaintiffs have not alleged, much less demonstrated, compliance with their obligations under the Policies to fully cooperate with Great American in its investigation of the claim."[30] Third, Great American claims that "Plaintiffs have neither pleaded nor shown that the Property was under construction or renovation as required to establish coverage under the Policies' Vacancy Provisions."[31]

Pertaining to Plaintiffs' claims for bad faith penalties under Louisiana law, Great American argues that because La. R.S. § 22:1973 was repealed as of July 1, 2024, Plaintiffs are not entitled to bad faith penalties.[32] Additionally, Great American states that "consistent with precedent from within this District, [its] good-faith reliance on its reasonable basis to defend the claim was not arbitrary or capricious as required by Louisiana Revised Statute § 22:1892, and Plaintiffs' bad faith allegations fail to state a claim for which relief can be granted."[33] As a final point, Great American argues that "Plaintiffs' claims for mental/physical anguish, suffering, and/or inconvenience should be dismissed as unrecoverable by a juridical entity."[34]

Plaintiffs oppose the Motion.[35] As an initial matter, because "Great American's Second Motion to Dismiss is a carbon copy of its first Motion to Dismiss for Failure to

---

[29] *Id.* at pp. 1–2.
[30] *Id.* at p. 2.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] R. Doc. 45.

5

State a Claim filed on July 2, 2025[,]"[36] Plaintiffs advise of the following:

> [F]or the sake of judicial efficiency and to prevent the Court and its staff from having to read two repetitive, identical opposition briefs and exhibits, as permitted by the Federal Rules of Civil Procedure, Plaintiffs hereby re-alleges, adopts, and incorporates by reference (as if contained therein in extenso) all legal arguments and statements in and all exhibits and attachments to Plaintiffs' Memorandum in Opposition to Great American's First Motion to Dismiss located in the record of this matter at Rec. Doc. 19 and Rec. Docs. 19-1 through 19-3. For all reasons set forth in Plaintiffs' original opposition to the First Motion to Dismiss (Rec. Doc. 19), the Second Motion to Dismiss should, likewise, be denied.[37]

Plaintiffs oppose the Motion on four grounds.[38] First, Plaintiffs allege that "Great American's motion to dismiss requires this Court to resolve a number of critical, factual issues at the earliest stage of this litigation by requiring the Court to undertake a full evidentiary assessment of such issues before any discovery has taken place."[39] Second, Plaintiffs contend that "Great American's Second Motion to Dismiss,

---

[36] *Id.* at p. 2. Plaintiffs also advise the Court that "Great American has now filed this Second Motion to Dismiss, supporting memorandum, and exhibits, which are virtually word-for-word versions of those filed in support of its First Motion to Dismiss . . . ." *Id.* at pp. 2–3.

[37] *Id.* at p. 3. Insofar as Plaintiffs incorporate by reference all legal arguments and statements in and all exhibits and attachments to Plaintiffs' Memorandum in Opposition to Great American's First Motion to Dismiss, the Court reminds counsel of Local Civil Rule 7.7. Local Civil Rule 7.7 provides that "[e]xcept with prior leave of court, a trial brief or memorandum supporting or opposing a motion must not exceed 25 pages, excluding exhibits, and a reply brief or memorandum must not exceed 10 pages, excluding exhibits." Incorporation by reference should not be used to circumvent Local Civil Rule 7.7.

[38] R. Doc. 45 at pp. 3–5.

[39] *Id.* at pp. 3–4. According to Plaintiffs, these issues include, but are not limited to: "(1) whether or not Plaintiffs 'intentionally' concealed a prior loss in its insurance renewal application; (2) whether Plaintiffs 'intended' to deceive Great American during the renewal application process; (3) whether Great American knew about the prior losses having previously insured the same building; (4) whether or not Plaintiffs cooperated sufficiently during the claims process; (5) whether the building was truly vacant or under construction and/or renovation at the time of the loss events; (6) whether the damage and/or to what extent was caused by a faulty sprinkler head, vandalism, or a combination of both; all of which potentially impact coverage under two separate Great American policies; and (7) whether Great American engaged in bad faith in adjusting the claim considering that it inspected the subject building post-loss on at least three occasions and, yet, have refused to tender any payment on the claim." *Id.* at p. 4.

like its First Motion to Dismiss, seeks to have this Court determine those same factual issues by relying on documents that are neither referenced in nor attached to Plaintiffs' petition, including redacted, unauthenticated police reports, a partial insurance application, references to potential occupancy and/or renovation documents (while criticizing Plaintiffs for failing to provide allegations based upon such documents). Such efforts are likewise impermissible at this stage."[40]

Third, Plaintiffs argue that even if the Court converted the instant Motion to Dismiss to a Motion for Summary Judgment under Fed. R. Civ. P. 56, "each of Great American's arguments in their present form fail on the merits."[41] Fourth, Plaintiffs claim that they "should be afforded a final opportunity to amend its [sic] complaint should this Court believe that additional factual allegations are warranted, particularly at this early stage of the litigation."[42] As a final point, Plaintiffs seek to provide a "correction of allegation made by Great American."[43] Plaintiffs advise that they "have and continue to fully cooperate with Great American. Pertinent to the Second Motion to Dismiss is the inaccurate statement that Plaintiffs have failed to produce the sprinkler head for inspection. That is simply not true."[44] Thus, according

---

[40] *Id.* at p. 4.
[41] *Id.*
[42] *Id.* at p. 5.
[43] *Id.*
[44] *Id.* Plaintiffs further advise that they "have been working with counsel for Great American since last year on a joint inspection of the sprinkler head. Those efforts resulted in a confirmed inspection date of July 31,2025 at 1:00 pm, at the offices of Great American's expert but Great America [sic] refused to go forward with the inspection without a 'chain of custody.' Plaintiffs then voluntarily produced a detailed chain of custody document of the subject sprinkler document on July 30, 2025, but Great American declined to move forward indicating the chain of custody did not include enough details. Then, on November 17, 2025, undersigned counsel provided a supplemented chain of custody document which prompted Great American to agree to move forward with the inspection of the subject sprinkler head. Thereafter, additional counsel for Great American enrolled on or about December 5, 2025, all counsel agreed to a joint inspection of the sprinkler head. Undersigned counsel was provided

7

to Plaintiffs, the instant Motion should be denied.[45]

Great American has filed a Reply.[46] As a preliminary matter, Great American advises that:

> The substance of Great American's Reply Memorandum in Support of the Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint is substantially similar to the Reply Memorandum in Support of the Motion to Dismiss Plaintiffs' Complaint . . . accordingly, Great American re-alleges, adopts, and incorporates by reference (as if contained herein in extenso) all legal arguments and statements as well as all exhibits and attachments to the Reply Memorandum in Support of the Motion to Dismiss Plaintiffs' Complaint.[47]

Great American contends that Plaintiffs' alleged failure to provide the sprinkler head at issue for inspection bars Plaintiffs from filing suit and their claims for breach of contracts and bad faith pursuant to the First Policy and Second Policy.[48] And pertaining to Plaintiffs' request for leave to amend, Great American contends that "Plaintiffs' request for yet another chance to correct the same acknowledged deficiencies in both oppositions should be squarely rejected by this Court."[49]

---

with transfer of custody forms by Great American on or about January 16, 2026. Undersigned counsel agreed to and utilized the transfer of the custody forms and the joint inspection was conducted by Plaintiffs' and Great American's experts on January 19, 2026. Moreover, as of this writing, Plaintiffs are also producing Answers to Defendants Discovery requests which include voluminous records and documentation. As such, the continued claims by Great American that Plaintiffs have failed to cooperate and that Great American has been prejudiced are unfounded and should be disregarded." *Id.* at pp. 5–6.
[45] *Id.* at p. 6.
[46] R. Doc. 46
[47] *Id.* at p. 1 n.1; *see supra* note 37.
[48] R. Doc. 46 at pp. 2–3.
[49] *Id.* at p. 4.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[50] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[51] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[52] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[53]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[54] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[55] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[56] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1)

---

[50] Fed. R. Civ. P. 12(b)(6).
[51] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[52] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[53] *Shandon Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[54] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[55] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[56] *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (internal quotations and citations omitted).

attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[57]

### III. ANALYSIS

Plaintiffs assert claims against Great American for breach of insurance contracts, namely the First Policy and the Second Policy.[58] Specifically, Plaintiffs assert that Great American breached the insurance contracts by:

**A.** Failing to timely tender proceeds due after having received satisfactory proof of losses[;]

**B.** Misrepresenting the terms and conditions of the Policy at issue;

**C.** Conducting the investigation and claims handling in bad faith;

**D.** Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

**E.** Failing to adequately pay for losses as required by the Policy, and/or

**F.** Failing to include adequate overhead and profit in its estimates of damages.[59]

Great American counters that "Plaintiffs fail to allege or show that they have fully complied with the requirements in both policies to cooperate with the investigation of the subject claims."[60] Further, as it pertains to the Second Policy, Great American contends that "Plaintiffs' concealment of prior losses entitles Great American to rescission of the second policy under Louisiana Revised Statute § 22:860(a)."[61] For the reasons set forth below, the Court finds that Plaintiffs have failed to state a claim

---

[57] *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 Fed. App'x. 336, 340–41 (5th Cir. 2011).
[58] R. Doc. 40.
[59] *Id.* at p. 6.
[60] R. Doc. 43-1 at p. 15.
[61] *Id.* at p. 10.

for a breach of insurance contracts under Louisiana law.[62]

"In Louisiana, a breach-of-contract claim has three essential elements: (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[63] "'To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'"[64]

Here, in Plaintiffs' First Supplemental and Amended Complaint, Plaintiffs merely allege that both the First Policy and the Second Policy "covered the Property at issue and the contents herein against perils including, water damage and/or theft/vandalism. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge to be made under the Policy at issue."[65] Nowhere in the First Supplemental and Amendment Complaint do Plaintiffs allege a violation of a *specific* policy proviso.[66] Further, Plaintiffs have not attached a copy of either the First Policy or Second Policy to its First Supplemental and Amended Complaint.[67] Without more, namely an allegation of a breach of a specific policy provision, the Court finds that

---

[62] *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[63] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018)(citation modified).
[64] *Omkar, LLC v. AmGUARD Insurance Company*, 624 F.Supp.3d 646, 650–51 (E.D. La. 2022)(Africk, J.)(quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)); *see also Whitney Bank v. SMI Companies Global, Incorporated*, 949 F.3d 196, 205 (5th Cir. 2020)("To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.")(citation modified).
[65] R. Doc. 40 at p. 2.
[66] *See id.*
[67] *See id.*; *see also George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022)(" [A] district court *may* rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201.")(emphasis added).

Plaintiffs have failed to state a claim for breach of insurance contracts under Louisiana law.

Similarly, as it pertains to Plaintiffs' claims for bad faith under La. R.S. § 22:1973, "Plaintiffs concede that its [sic] claims for bad faith under Louisiana Revised Statute § 22:1973 are no longer viable since Section 1973 was repealed by Acts 2024, No. 3, § 2, effective July 1, 2024. Plaintiffs acknowledge that the claims at issue here did not vest prior to the effective date of the repeal."[68] Nonetheless, Plaintiffs aver that they "are entitled to pursue bad faith penalties under Louisiana Revised Statute § 22:1892 and, to that end, have sufficiently pled the basis for such a claim."[69] The Court disagrees.

Section 1892 requires insurers to pay claims or tender offers of settlement within thirty days of receiving a satisfactory proof of loss.[70] "'In order to recover under . . . La. R.S. 22:1892, a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based.'"[71] Plainly, "when a breach of insurance contract fails, a bad faith claim shall likewise fail."[72] Thus, the Court finds that because Plaintiffs have failed to state a claim for breach of insurance contracts, they have also failed to state a claim for bad-faith under § 1892.[73] The Court's analysis,

---

[68] R. Doc. 19 at p. 21.
[69] *Id.*
[70] La. R.S. § 22:1892.
[71] *Q Clothier New Orleans LLC v. Twin City Fire Insurance Company*, 535 F.Supp.3d 574, 588 (E.D. La. 2021)(Lemelle, J.)(quoting *Pelle v. Munos,* 2019-0549 (La.App. 1 Cir. 2/19/20), 296 So.3d 14, 25).
[72] *Omkar, LLC*, 624 F.Supp.3d at 651 (citation modified); *see also Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 355 (5th Cir. 2010)(determining that to state a claim under the former La. R.S. § 22:658, now found under § 1892, a plaintiff must first plead a viable underlying claim, such as breach of contract).
[73] The Court, having found that Plaintiffs have failed to state a claim for breach of insurance contracts and bad faith, need not addresses the issue of damages at this juncture.

however, does not end here.

Plaintiffs argue that, in the event the Court finds that additional factual allegations are warranted, they should be afforded a final opportunity to amend their First Supplemental and Amended Complaint.[74] Great American, in turn, contends that "Plaintiffs' request for yet another chance to correct the same acknowledged deficiencies in both oppositions should be squarely rejected by this Court."[75] The Court disagrees.

Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings and provides that, "[t]he court should freely give leave when justice so requires."[76] While Rule 15 espouses a liberal policy regarding amendments, the Fifth Circuit has made clear that granting leave to amend "is by no means automatic[.]"[77] Instead, "the decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court."[78]

Additionally, the Fifth Circuit has made clear that, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[79] The Fifth Circuit has further held that, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met

---

[74] R. Doc. 40 at p. 5.
[75] R. Doc. 46 at p. 4.
[76] Fed. R. Civ. P. 15(a)(2).
[77] *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981) (citation omitted).
[78] *Id.* (citation omitted).
[79] *S&W Enterp., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

despite the diligence of the party needing the extension.'"[80] Courts consider the following four factors in determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice.[81]

Here, the Court finds that good cause exists to allow Plaintiffs to amend their First Supplemental and Amended Complaint. Although Plaintiff has already been granted leave to amend once,[82] the Court finds no indication of bad faith, dilatory motive, or undue prejudice to Great American. As explained by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[83] The Court therefore holds that Plaintiffs are granted leave of court to amend their First Supplemental and Amended Complaint. Failure to amend within the time allowed by the Court will result in the dismissal of the claims as noted herein.

---

[80] *Id.* at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[81] *S&W Enterp., L.L.C.*, 315 F.3d at 536.
[82] *See* R. Doc. 40.
[83] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Great American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss Plaintiffs' First Supplemental and Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)[84] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall have **ten (10) days** from the date of this Order to file a Second Amended Complaint in this matter.

**IT IS FURTHER ORDERED** that Great American Risk Solutions Surplus Lines Insurance Company's Motion to Dismiss [85] is **DENIED AS MOOT.**

New Orleans, Louisiana, March 9, 2026.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[84] R. Doc. 43.
[85] R. Doc. 14.